UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:09-cv-47 |
| v. | ) ) | Honorable Paul L. Maloney |
| HARVEY N. GAINEY, | ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) ) ) | |

      This is a diversity action seeking recovery on two personal guarantees. On March 27, 2012, Chief Judge Paul L. Maloney rendered a verdict in favor of plaintiff and against defendant on each of the guarantees at issue. The court's ruling reserved the issues of pre-judgment interest and contractual attorney's fees, directing plaintiff to submit a statement addressing these two items of damages within twenty-one days. Plaintiff did so, and defendant filed a general objection. By order of reference issued April 23, 2012, Judge Maloney referred the matters of pre-judgment interest and contractual attorney's fees to me. The parties subsequently resolved the dispute concerning attorney's fees by stipulation. (docket # 80). Pursuant to a scheduling order, the parties have now submitted their briefs on the question of pre-judgment interest. This report and recommendation on that question is submitted pursuant to 28 U.S.C. § 636(b)(1)(B).

**Proposed Findings of Fact**

1.      The subject matter of this controversy concerns two personal guaranties executed by defendant Harvey N. Gainey. Chief Judge Maloney, after a bench trial, found defendant Gainey liable under each guaranty.

2.      On August 1, 2000, Super Service, Inc. entered into an equipment lease agreement with Great Dane Limited Partnership, covering the lease of certain trailers. (Plf. Ex. 1, admitted at trial). The "default" paragraph of the equipment lease contains the following provision concerning interest.

> Interest after acceleration shall be at the highest contract rate provided by law, but not to exceed one and one half (1½) percent per month.

(Plf. Ex. 1 at p. 4).

3.      On January 19, 2005, defendant Gainey executed a guaranty in favor of plaintiff General Electric Capital Corporation. (Plf. Ex. 2 at trial). In the guaranty, defendant guaranteed the "due regular and punctual payment of any sum or sums of money which [Super Service, Inc.] may owe to you now or at any time hereafter," including principal, interest, rent, late charges and deficiencies after sale. (Plf. Ex. 2 , ¶ 1).

4.      The second instrument upon which Judge Maloney found defendant liable as guarantor was a truck lease agreement between Lester Coggins Trucking, Inc. and CityCapital Commercial Leasing Corporation. (Plf. Ex. 13 at trial). The paragraph entitled "Monthly Rental" contains the following provision concerning interest on overdue rental amounts:

> For each Monthly Rental or other sum due hereunder which is not paid when due, Lessee agrees to pay Lessor a delinquency charge calculated thereon at the rate of 1-1/2% per month for the period of delinquency or, at Lessor's option, 5% of such Monthly Rental or other sum due hereunder, provided that such a delinquency charge

>is not prohibited by law, otherwise at the highest rate Lessee can legally obligate itself to pay and/or Lessor can legally collect.

(Plf. Ex. 3, ¶ 6).

    5.    Judge Maloney found defendant Gainey liable as guarantor of the truck lease agreement by virtue of a 2004 continuing guaranty executed by defendant in favor of CityCapital. (Plf. Ex. 14 at trial).

    6.    General Electric Capital Corporation succeeded to the interest of Great Dane Limited Partnership under the equipment lease agreement and to the interest of CityCapital under the truck lease agreement. After trial, Judge Maloney found that defendant Gainey was liable to General Electric Capital Corporation for all of the deficiencies of Super Service, Inc. and of Lester Coggins Trucking, Inc. by virtue of the personal guaranties that he executed.

## **Discussion**

Plaintiff seeks an award of interest in the amount of 18% per annum from the date of default to the date of judgment. Plaintiff also seeks certain repossession expenses and other incidental damages. Defendant does not contest the accrual date for the calculation of interest, nor does he contest the reasonableness of incidental damages. Defendant does, however, contest the 18% interest rate sought by plaintiff.

In a diversity action, pre-judgment interest is a substantive aspect of damages and is thus controlled by state law. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 328 (6th Cir. 2011); *Diggs v. Pepsi-Cola Metro. Bottling Co.*, 861 F.2d 914, 924 (6th Cir. 1988). Both parties rely on Michigan statutory and common law to support their positions. This report and recommendation will analyze plaintiff's entitlement to pre-judgment interest for two time periods: (1) from the accrual of interest

to the date of filing the complaint and (2) from the date of filing the complaint to the entry of judgment.

### A. Pre-Complaint Interest

The equipment lease agreement provides that interest after acceleration "shall be at the highest contract rate provided by law, but not to exceed one and one half (1½) percent per month." This method of specifying interest in the event of a default requires the court to determine "the highest contract rate provided by law." Michigan law provides that business entities (defined as corporations, partnerships, and the like), may agree in connection with an extension of credit by a person other than a state or nationally chartered bank "to any rate of interest not exceeding the rate allowed under Act 259 of the Public Acts of 1968." MICH. COMP. LAWS § 438.61(3). Public Act No. 259 defines criminal usury; it is codified at Mich. Comp. Laws § 438.41. This statute makes it a criminal offense to charge interest at a rate exceeding 25% simple interest per annum. Beyond this, the Michigan Business Corporations Act allows corporations to agree to pay any rate of interest in writing and expressly prohibits the defense of usury by corporations in such circumstances. MICH. COMP. LAWS § 450.1275. The Michigan courts hold that this statute supersedes other statutory restrictions on interest rates and allows a corporation to agree in writing to any rate of interest. *See Kleanthous v. First of Chelsea Corp.*, 507 N.W.2d 2 (Mich. Ct. App. 1993).

Thus, in incorporating by reference the highest contract rate provided by law but not to exceed 1½% per month, the equipment lease agreement effectively established 1½% per month as the contract rate, as Michigan law provides no other ceiling for a corporation agreeing to an interest rate in writing. Defendant is therefore incorrect when he argues that the equipment lease

agreement does not establish any specific rate of interest. The interest provision is in the disjunctive. It adopts the lesser of 1½% per month or infinity. As 1½% per month, or 18% per year, is less than infinity, it is the agreed-upon rate.

The truck lease agreement also contains disjunctive statements concerning the interest rate to be applied. Again, since there is no Michigan usury law applicable to corporate debts evidenced in writing, the Lessor had the option of charging 18% or 5%, and it chose 18%. Defendant is off base when he argues that the "highest contract rate provided by law" is established by Mich. Comp. Laws § 438.31, which essentially caps interest at 7% if agreed to in writing. This statute contains a long list of exceptions, including an exception for interest on any "note, bond or other evidence of indebtedness issued by any corporation, association or person." The cases cited by defendant to support this argument are inapposite, as they do not pertain to notes, bonds, or other evidence of indebtedness, but to the applicable interest rate for unpaid invoices where no rate was agreed to in writing. *See, e.g., RSM Richter, Inc. v. Behr Am., Inc.*, 781 F. Supp. 2d 511, 518 (E.D. Mich. 2011); *Aleris Aluminum Canada, L.P. v. Valeo, Inc.*, 718 F. Supp. 2d 825, 831 (E.D. Mich. 2010). As noted, the Business Corporation Act trumps other statutory interest caps for corporations agreeing in writing to an interest rate.

Defendant fails to explain why the specific provisions of Michigan law applicable to written debts by corporations should be ignored, while a general statute, which expressly excludes such obligations of corporations, should somehow be applied.

Defendant also suggests that the rate of interest applicable to the promissory notes does not apply to the guaranty signed by Mr. Gainey, who is an individual. This argument has been foreclosed in Michigan for nearly sixty years. In *Pardee v. Fetter*, 77 N.W.2d 124 (Mich. 1956), the

Michigan Supreme Court dealt with the defense of usury advanced by an individual who had guaranteed a promissory note by a corporation that later went bankrupt. The court began its analysis by noting that the maker of the note was a corporation and therefore incapable of interposing a defense of usury, by virtue of Michigan statute. 77 N.W.2d at 125. The court then confronted the question whether the individual guarantor could nevertheless raise the defense of usury, as the rate of interest exceeded 7%, the highest rate then applicable to individuals. Finding persuasive authority in New York law, the court held that the only relevant usury limit was that applicable to the corporation:

> "The corporation was the borrower, and primarily liable on the note, and the defendant was surety merely. As such he must abide by the condition of his principal and has no separate standing in respect to the defense of usury."

*Id.* at 126 (quoting *Union Nat'l Bank v. Wheeler*, 60 N.Y. 612 (1875)). Thus, where the defense of usury could not be invoked by the corporation, "it cannot be invoked by the surety." *Id.* The *Pardee* decision is controlling and completely forecloses defendant's efforts to assert a personal usury defense in connection with his guarantee of a corporate debt.

Plaintiff is therefore entitled to an award of 18% interest from the date of default. Plaintiff asserts that the default occurred on November 1, 2008, a date that defendant has not disputed. The principal amount -- again, not disputed by defendant -- is $404,858.07, which represents $368,286.40 on the equipment lease agreement and $36,571.67 on the truck lease agreement. (*See* Plf. Brief at ¶ 12, docket # 81). The per diem interest charge is $199.66, without compounding. Plaintiff is entitled to this rate of interest from November 1, 2008, to the date of filing its complaint, January 20, 2009 - a period of eighty days. The interest accrued during this period is $15,972.48. (*See* attached spreadsheet).

      **B.**      **Post-Complaint Interest**

      Once the complaint was filed, the rules governing interest changed. Michigan statutory law contains a somewhat complicated series of rules for the calculation of post-complaint interest. MICH. COMP. LAWS § 600.6013. For complaints filed on or after July 1, 2002, for judgments rendered on a written instrument evidencing indebtedness "with a specified interest rate" interest "is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed." If the agreed-upon interest rate is variable, it becomes fixed at the rate in effect on the date the complaint was filed. The law goes on to provide, however, as follows: "The rate under this subsection shall not exceed 13% per year, compounded annually." MICH. COMP. LAWS § 600.6013(7). An award of interest under this statute "is mandatory in all cases to which the statute applies." *Everett v. Nickola*, 599 N.W.2d 732, 735 (Mich. Ct. App. 1999).

      Thus, after the filing of the complaint, the interest rate specified in the agreements was limited to 13% per year, compounded annually. The attached spreadsheet contains a compound interest calculation beginning on January 20, 2009 (the date of filing the complaint), and ending on the date of this report and recommendation. The spreadsheet shows interest of $237,856.47 has accrued from the date of filing the complaint to the date of this report and recommendation. The pre-complaint interest ($15,972.48) plus the post-complaint interest ($237,856.47) yields a total accrued interest of $253,828.95 to the date of this report and recommendation. Interest continues to accrue at a daily rate of $216.27, until compounding again occurs on January 20, 2013.

      Under the foregoing calculations, the total amount due -- principal and interest accrued to date -- is $658,687.02. This is somewhat less than the amount sought in plaintiff's

statement of accrued interest (docket # 69), because plaintiff did not reduce the interest rate to 13% after the filing of the complaint, as required by Mich. Comp. Laws § 600.6013(7).

Interest will continue to accrue at the 13% rate, compounded annually, until the entry of a final judgment. At that point, post-judgment interest will begin to accrue at the variable federal rate calculated under 28 U.S.C. § 1961. *See Estate of Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest.") (quoting *FDIC v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000)).

## **Recommended Disposition**

I recommend as follows:

A. That plaintiff be awarded interest for the pre-complaint period at the rate of 18%, for a total interest award of $15,972.48.

B. That plaintiff be awarded interest for the post-complaint period at a rate of 13%, compounded annually (totaling $237,856.47 as of the date of this report and recommendation), with daily interest accruing hereafter in the amount of $216.27.

C. That the stipulation of the parties (docket # 80) be approved, under which plaintiff should be granted contractual attorney's fees in the amount of $95,000.00, as an aspect of damages in this case.

D. That final judgment be entered on behalf of plaintiff and against defendant for all principal amounts that the court has previously found to be due, plus interest and attorney's

fees as recommended above, with post-judgment interest to run at the statutory rate thereafter under 28 U.S.C. § 1961.


Dated:   September 14, 2012           /s/  Joseph G. Scoville
                                      United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).